UNITED STATES BANKRUPTCY
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Romaine, Incorporated | ) | CASE NO.: 10-30339 |
|   *dba* Koldcare | ) | CHAPTER 11 |
|           Debtor | ) | |
| | ) | |
| | ) | |

## <u>UNITED STATES TRUSTEE'S MOTION TO DISMISS</u>

COMES NOW Nancy J. Gargula, United States Trustee, by Alexander L. Edgar, Assistant United States Trustee, pursuant to 28 U.S.C. §586(a)(3), and §1112(b) and respectfully moves this Court to dismiss the debtor's Chapter 11 case for the following reasons:

1. The United States Trustee (U.S. Trustee) is responsible for supervising the administration of bankruptcy cases pursuant to 28 U.S.C. §586(a)(3). Specifically, 28 U.S.C. §586(a)(3)(G) authorizes the U.S. Trustee to monitor the progress of cases and to take such action as the U.S. Trustee deems to be appropriate to prevent undue delay in such progress. The U.S. Trustee may raise, appear and be heard on any issue relating to the U.S. Trustee's responsibilities in a case under the Code. 11 U.S.C. §307, <u>In re Revco D.S. Inc.</u>, 898 F.2d 498 (6th Cir. 1990), <u>In re Plaza De Diego Shopping Center, Inc.</u>, 911 F.2d 820 (1st Cir. 1990) and <u>In re Clark</u>, 927 F.2d 793 (4th Cir. 1991).

2. This case was commenced by the filing of a voluntary Chapter 11 petition on February 5, 2010.

3. That according to the aforesaid petition, the corporate debtor-in-possession is not represented by an attorney.

4. The debtor's corporate petition was signed and filed by its Chairman, John Levy.

5.  According to the Clerk of the Indiana Supreme Court, John Levy is not a licensed attorney in the State of Indiana.

6.  Northern District of Indiana Local Bankruptcy Rule B-9010.1(h) provides that in all matters and proceedings before this Court, only natural persons may appear and represent themselves; all other entities shall be represented by an attorney.

7.  A corporation may be represented in federal court only by a licensed attorney.  United States v. Tri-No Enterprises Inc., 819 F.2d 154 (7th Cir. 1987) and Scandia Down Corp. v. Euroquilt, Inc., 772 F.2d 1423 (7th Cir. 1985).

8.  A Chapter 11 petition that is filed on behalf of a corporate entity is without force or effect and should be stricken; and the case then dismissed.  In re Bellerive Springs Bldg. Corp., 127 B.R.219 (Bankr. E.D. Mo. 1991) and In re Global Const. & Supply Inc., 126 B.R. 573 (Bankr. E.D. Mo. 1991).

9.  An attorney's subsequent entry of appearance does not cure an impermissible filing in a case.  In re Cook, 126 B.R. 575 (Bankr. E.D. Mo. 1991).

10.  This case should also be dismissed for cause pursuant to 11 U.S.C. §1112(b), as an abuse of the bankruptcy system in that the case was not filed in good faith.

WHEREFORE, the United States Trustee respectfully prays that this Court enter an Order that the Chapter 11 case filed herein by John Levy on behalf of Romaine, Incorporated. be dismissed pursuant to 11 U.S.C. §1112(b) and for such other and further relief and sanction as this Court deems equitable and just.

Respectfully submitted,

February 8, 2010

NANCY J. GARGULA
UNITED STATES TRUSTEE

By:     /s/ Alexander L. Edgar

Alexander L. Edgar
Assistant U.S. Trustee

**CERTIFICATE OF SERVICE**

I hereby certify that the service of the foregoing was sent electronically via the Bankruptcy Clerk's ECF System or has been made by placing a copy thereof in the United States Mail, first class, postage prepaid, this 8th day of February, 2010, addressed to the following:

John Levy
Romaine, Incorporated.
2026 Sterling Avenue
Elkhart, IN 46516

/s/ Alexander L. Edgar
Alexander L. Edgar
Assistant U.S. Trustee